UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEANNIE M. CLOUTIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:07-CV-230 |
| ) | (VARLAN/GUYTON) |
| STEPHEN W. EDWARDS and ) | |
| WALLACE SNIPES, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant Wallace Snipes's Motion for Summary Judgment [Doc. 26]. Plaintiff has filed a response in opposition to the motion for summary judgment [Doc. 45]. This motion is now ripe for the Court's consideration.

**I.     Background**

Plaintiff filed the complaint [Doc. 1] in this case on June 11, 2007. In her complaint, plaintiff alleges as follows: she is a citizen and resident of Kentucky [*Id.*, ¶ 1]. Defendant Stephen W. Edwards is a citizen and resident of South Carolina [*Id.*]. Defendant Snipes is also a citizen and resident of South Carolina [*Id.*].

On or about June 17, 2006, plaintiff was operating a 1993 Ford Taurus in a northerly direction on Highway 25 East, in the Cumberland Gap Tunnel in Claiborne County, Tennessee [*Id.*, ¶ 4]. Plaintiff brought her vehicle to a stop in obedience to a traffic control signal for northbound traffic at or near the "Tunnel Closed" traffic light [*Id.*]. While in a

stopped position, plaintiff's vehicle was suddenly and without warning struck from the rear by a 1998 Dodge pickup truck operated by defendant Edwards [*Id.*]. At the time of the collision, defendant Edwards was pulling a loaded 15-foot trailer [*Id.*]. The vehicle operated by defendant Edwards violently forced plaintiff's vehicle forward [*Id.*].

Defendant Edwards, as the operator of the vehicle initiating the collision, committed the following acts:

    (1)    He failed to maintain a proper lookout for other traffic on the roadway;

    (2)    He failed to maintain proper control of his vehicle;

    (3)    He operated his vehicle in a reckless manner;

    (4)    He failed to take evasive action by applying brakes or otherwise steering his vehicle to avoid an imminent collision;

    (5)    He failed to observe proper traffic control signals and take proper action to control his vehicle in compliance with such control signals;

    (6)    He operated his vehicle in such a manner as to collide with the rear of plaintiff's vehicle, which was stopped in traffic; and

    (7)    He followed plaintiff too closely.

[*Id.*, ¶ 5].

At all times relevant to this case, the pickup truck operated by defendant Edwards was owned by, and was within the exclusive control of, defendant Snipes [*Id.*, ¶ 8]. Further, and at all times relevant to this case, defendant Edwards was an employee, agent, and/or representative of defendant Snipes [*Id.*, ¶ 9]. Additionally, and in the alternative, defendant

Edwards, at the time of the incident at issue, was on a mission for, involved in a joint venture with, and/or undertaking activity for the benefit of defendant Snipes [*Id.*, ¶ 10].

As a result of the acts of the defendants, plaintiff has sustained injury and damage, including but not limited to, pain; discomfort; injury to her neck, back, and right hand; chronic pain; loss of sleep; decreased range of motion; decreased sensation; and general difficulty in performing reasonable activities of daily living [*Id.*, ¶ 11]. Plaintiff has had to seek the attention of physicians and medical specialists for her injuries [*Id.*]. Plaintiff has suffered both in mind and body as a result of the injuries sustained in the subject collision; has incurred medical and hospital expenses for treatment of her injuries; and believes that some of her injuries are permanent in nature, and have resulted in some degree of impairment or disability [*Id.*].

On the basis of these allegations, plaintiff contends that defendant Edwards is liable for negligence [*Id.*, ¶ 5]. She contends further that defendant Edwards's acts constituted negligence per se [*Id.*, ¶¶ 6, 7]. She contends finally that any acts or omissions of defendant Edwards are imputed to defendant Snipes under any and all theories of respondeat superior, agency, and/or joint venture [*Id.*, ¶¶ 9-10]. Plaintiff seeks recovery for her medical expenses, including future medical expenses, for any impairment or disability, temporary or permanent as a result of her injuries; for her loss of wages; for her loss of earning capacity; and for her physical pain and suffering [*Id.*, ¶ 12].

On November 26, 2009, defendant Snipes filed a motion for summary judgment [Doc. 26] and memorandum in support [Doc. 28], in which he argues that there are no disputed

3

issues of material fact in this case, and that he is entitled to judgment as a matter of law. Plaintiff filed a response to the motion for summary judgment [Doc. 45] and a memorandum in support [Doc. 46], in which she argues that defendant Snipes has failed to establish that there are no genuine issues of material fact in dispute such that he is entitled to judgment as a matter of law.

The Court has carefully considered the motion for summary judgment, the memorandum in support, the response, and the memorandum in support of that response, in light of the applicable law. For the reasons that follow, defendant Snipes's motion for summary judgment will be denied.

## II. Standard of Review

Summary judgment is proper only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court views the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The judge does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

## III. Analysis

Defendant Snipes advances two theories as to why summary judgment is appropriate. First, he argues that plaintiff has failed to offer any evidence that defendant Edwards was operating the pickup truck within the scope of defendant Edwards's employment with defendant Snipes on the date in question [Doc. 26]. Second, he argues that plaintiff has failed to offer any genuine issue of material fact substantiating her claim that defendants were engaged in a joint venture in which defendant Edwards was acting as an agent of defendant Snipes during defendant Edwards's trip to Kentucky [*Id.*]. The Court considers each argument below.[1]

---

[1] The parties agree that insofar as this case raises a choice of law question, the substantive law of Tennessee applies.

### A. Scope of Employment/Respondeat Superior

Defendant Snipes first contends that no genuine issue of material fact exists as to whether defendant Edwards was acting within the course and scope of his employment with defendant Snipes, and that liability for the actions of defendant Edwards cannot therefore be imputed to defendant Snipes [Doc. 28]. In order to impose liability under the doctrine of respondeat superior in motor vehicle cases, it is necessary to show that the operator of the vehicle causing injury was, at the time of the accident, "acting as a servant or employee of the owner, was engaged in the employee's business, and was acting within the scope of his employment." *Thurmon v. Sellers*, 62 S.W.3d 145, 152 (Tenn. Ct. App. 2001). "When a servant deviates from his line of duty and engages in a mission of his own for some third person," however, "the master cannot be held [liable] under the rule of respondeat superior." *Id.* at 155.

Defendant Snipes argues that the deposition testimony of defendants demonstrates that defendant "Edwards was not working for or otherwise acting on behalf of [defendant] Snipes at the time of the motor vehicle accident" [*Id.*]. Defendant Snipes argues further that "the testimony has consistently revealed that [defendant] Edwards was on personal business for his uncle" rather than on a mission for defendant Snipes [*Id.*].

Plaintiff cites Tennessee Code Annotated § 55-10-311 to rebut defendant Snipes's argument. Section 55-10-311 provides that:

> (a) In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, [or] auto truck . . . within this state, proof of ownership of the vehicle shall be prima facie

> evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and the proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the . . . owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment.
>
> (b) This section is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction.

Plaintiff argues that defendant Snipes has failed to overcome the prima facie evidence established by Tenn. Code Ann. § 55-10-311. Summary judgment is "rare" in cases where such prima facie evidence is established. *Godfrey v. Ruiz*, 90 S.W.3d 692, 696 (Tenn. 2002).

Plaintiff is correct. The parties do not dispute that the pickup truck operated by defendant Edwards in connection with this case belonged to defendant Snipes. Nor do they dispute that defendant Edwards was employed by defendant Snipes at the time of the collision. Under Tenn. Code Ann. § 55-10-311, those facts constitute prima facie evidence "that the vehicle was then and there being operated by the . . . owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment."

To overcome this prima facie case, defendant Snipes points only to his own deposition testimony, and to the deposition testimony of defendant Edwards. As plaintiff explains, however, the testimony of interested parties, even if uncontroverted, cannot suffice to overcome the prima facie evidence established by Tenn. Code Ann. § 55-10-311. *See Godfrey*, 90 S.W.3d at 694 ("Although the defendants offer uncontroverted testimony in support of their motion for summary judgment, their status as interested witnesses places

their credibility in question."). As the court noted in *Godfrey*, that is because of the credibility concerns that underscore such testimony, which can properly be resolved only by the finder of fact. *See Gray v. Mitsky*, 280 S.W.3d 828, 831 (Tenn. Ct. App. 2008) ("[O]ne's credibility is in issue just by the fact that he or she has an interest in the outcome of the lawsuit.").

There is no question that defendants both have an interest in the outcome of this lawsuit. Moreover, the conflict between their testimony that defendant Edwards was not acting within the scope of his employment with defendant Snipes, and the evidence offered by plaintiff that defendant Edwards was actually hauling horse feed at the time of the incident as part of his employment with defendant Snipes, suffices to create a genuine issue of material fact with respect to the respondeat superior question in this case. Summary judgment on the issue of respondeat superior is therefore inappropriate.

## B. Joint Venture

Because the Court finds that summary judgment is inappropriate as to the question of respondeat superior in this case, it need not consider defendant Snipes's argument that plaintiff has failed to establish a genuine issue of material fact as to whether defendants were engaged in a joint venture in which defendant Edwards was acting as an agent of defendant Snipes during defendant Edwards's trip to Kentucky.

## IV. Conclusion

For the reasons just given, defendant Snipes's Motion for Summary Judgment [Doc. 26] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE